IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY GRIFFITHS<br>9509 Sherman Road<br>Chesterland, Ohio 44026 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| LAKE HOSPITAL SYSTEM, INC.<br>7590 Auburn Road<br>Concord, Ohio 44077 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>AFCB Incorporated<br>200 Public Square, Ste. 2300<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| UNIVERSITY HOSPITALS LAKE WEST<br>MEDICAL CENTER<br>36000 Euclid Avenue<br>Willoughby, Ohio 44094 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

Plaintiff, Tiffany Griffiths, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## **PARTIES**

1. Griffiths is a resident of the city of Chesterland, county of Geauga, state of Ohio.

2. Lake Hospital System, Inc. is a domestic corporation in the state of Ohio.

3. Lake Hospital System, Inc. operates a place of business under the registered trade name University Hospitals Lake West Medical Center, located at 36000 Euclid Avenue, Willoughby, Ohio 44094.

4. Lake Hospital System, Inc. and University Hospitals Lake West Medical Center share the same property, employees, and their practices are so similar, that they practically form the same business.

5. During all material events asserted herein, Lake Hospital System, Inc. and University Hospitals Lake West Medical Center were joint employers of Griffiths and jointly referred to herein as Lake West.

6. Lake West was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 621 *et seq.*

7. Lake West was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

8. All material events alleged in this Complaint occurred in county of Lake.

## JURISDICTION, & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Griffiths is alleging Federal Law Claims under The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*

10. This Court has supplemental jurisdiction over Griffiths's state law claims pursuant to 28 U.S.C. § 1367 as Griffiths's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Within 300 days of the conduct alleged below, Griffiths filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00792 against Lake West Lake West Medical Center, operating at 36000 Euclid Avenue, Willoughby, Ohio 44094.

13. On or about November 2, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Griffiths regarding the Charges of Discrimination brought by Griffiths against Lake West in EEOC Agency Charge No. 532-2022-00792.

14. Griffiths received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

15. Griffiths has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

16. Griffiths has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

17. Griffiths has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq.*

## FACTS

18. Griffiths is a former employee of Lake West.

19. Griffiths became employed by Lake West on or about January 5, 2009.

20. Griffiths worked as a Respiratory Therapist for Lake West.

21. At the time Lake West terminated her employment on or around June 20, 2021, Griffiths was 46 years old.

22. Donna Kuta was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Lake West who acted directly or indirectly in the interest of Lake West.

23. As a manager and/or supervisor, Kuta had authority to discipline, hire, and fire employees of Lake West.

24. From in or around 2018 through the termination of Griffiths's employment in 2021, Kuta treated Griffiths differently than similarly situated, younger employees.

25. Kuta began to discriminate against Griffiths because of her age.

26. When Kuta discovered Griffiths was pregnant in or around September 2019, Kuta made discriminatory remarks about Griffiths being pregnant at age 45. ("Kuta's Discriminatory Remarks About Griffiths's Age")

27. Kuta's Discriminatory Remarks About Griffiths's Age including comments such as "Aren't you a bit old to be having a baby?" and "It's so much easier to take care of babies when you're younger".

28. Kuta's Discriminatory Remarks About Griffiths's Age included Kuta telling Griffiths that Kuta "may have trouble getting up off the floor with the baby."

29. Kuta's Discriminatory Remarks About Griffiths's Age were very offensive and upsetting to Griffiths.

30. Kuta did not make any discriminatory remarks about Lake West employees that were under 40 years of age.

31. Kuta's Discriminatory Remarks were because of Griffiths's age.

32. Kuta's Discriminatory Remarks were age discrimination.

33. In or around May 2021, Griffiths's mother began to suffer from several medical issues and required open heart surgery. ("Griffiths's Mother's Medical Issues")

34. In or around May 2021, Griffiths's mother was admitted as a patient at Lake West due to her Medical Issues.

35. While Griffith's mother was at Lake West, she had several doctors—Dr. Blair was her pulmonologist, Dr. Kasif was her cardiologist, and Dr. Nazim was her nephrologist. ("Griffiths's Mother's Doctor's")

36. Griffiths's mother chose to be admitted to Lake West because Griffiths worked there and could keep an eye on her mother while she was at work.

37. Before and during the time Griffiths's mother was a patient at Lake West, Griffiths was designated as her mother's caregiver.

38. As her mother's caregiver, Griffiths was authorized to oversee and make decisions about her mother's medical care.

39. As her mother's caregiver, Griffiths also had medical power of attorney over her mother's medical care.

40. Griffiths's mother completed an Authorization for Disclosure of Health Information form which granted Griffiths unrestricted access to her mother's protected health information. ("Griffiths's Authorization")

41. Griffiths's Authorization granted Griffiths permission to speak with her Mother's Doctors regarding her medical condition and to access her mother's medical records.

42. Griffiths filed the signed Authorization for Disclosure of Health Information form with Mary Gress, a nurse in the Monitored Care Unit ("MCU").

43. The MCU is the area where Griffiths's mother was being cared for at Lake West.

44. Griffiths's filing of the signed Authorization for Disclosure of Health Information form put Lake West on notice that Griffiths had authorized, unrestricted access to her mother's protected health information, including her mother's electronic medical records.

45. During her mother's stay at Lake West, Griffiths had several conversations with her Mother's Doctors regarding her mother's continuing health condition. ("Griffiths's Discussions Regarding Her Mother's Health")

46. During Griffiths's Discussions Regarding Her Mother's Health, her Mother's Doctors constantly referred to information in Griffiths's mother's electronic medical records.

47. Griffiths's Mother's Doctors recognized that Griffiths was listed as the authorized family member designated to discuss and access all of her mother's protected medical information, including Griffiths's mother's medical records.

48. During her mother's stay at Lake West, Griffiths checked her mother's electronic medical records a few times to discuss her mother's progress with her Mother's Doctors.

49. In or around June 2021, Kuta became aware that Griffiths checked her mother's electronic medical record.

50. In or around June 2021, Kuta initiated an investigation regarding Griffiths's access of her mother's electronic medical record. ("Kuta's Unfair Investigation")

51. During Kuta's Unfair Investigation, Griffiths advised Kuta that she had submitted a signed authorization form that granted Griffiths permission to access her mother's medical records.

52. During Kuta's Unfair Investigation, Griffiths presented Kuta with a copy of the signed authorization form that granted Griffiths permission to access her mother's medical records.

53. During Kuta's Unfair Investigation, Kuta did not find a copy of the Authorization for Disclosure of Health Information form that was signed by Griffiths's mother.

54. During Kuta's Unfair Investigation, Griffiths advised Kuta she had provided the original copy of the Authorization for Disclosure of Health Information form that was signed by Griffiths's mother to Mary Gress.

6

55. During Kuta's Unfair Investigation, Kuta wrongfully accused Griffiths of falsifying an authorization form for her records.

56. Kuta did not interview Griffiths's mother to ask if she had signed the form granting permission for Griffiths to access her mother's protected medical information.

57. Under information and belief, Kuta did not interview Gress to verify that Griffiths had submitted the original, signed authorization form to Gress for addition into Griffiths's mother's medical records.

58. Under information and belief, Kuta did not interview anyone who had knowledge of the fact that Griffiths had her mother's signed authorization to access her mother's protected medical information.

59. Kuta's Unfair Investigation was conducted in an incomplete manner.

60. Kuta's Unfair Investigation was conducted in a discriminatory manner.

61. Kuta's Unfair Investigation was age discrimination.

62. As a result of Kuta's Unfair Investigation, Lake West terminated Griffiths's employment on or about June 20, 2021.

63. In or around 2019, while Griffiths and Kuta were both employed with Lake West, Cassie Tobias was also accused of improperly accessing a patient's medical records.

64. Upon information and belief, Tobias was approximately 25 years old when she was accused of improperly accessing a patient's medical records.

65. In or around 2019, Kuta investigated and determined that Tobias had improperly accessed a patient's medical records.

66. In or around 2019, Lake West suspended Tobias for two weeks for improperly accessing a patient's medical records.

67. In or around 2019, Lake West did not terminate Tobias's employment for improperly accessing a patient's medical records.

68. Lake West treated Griffiths different than Tobias.

69. Lake West treated Griffiths differently than Tobias because of Griffiths's age.

70. Lake West's different treatment of Griffiths was age discrimination.

71. On or around June 20, 2021, Lake West terminated Griffiths's employment.

72. Lake West's purported reason for terminating Griffiths's employment was due to Griffiths allegedly improperly accessing a patient's medical records.

73. Lake West's purported reason for terminating Griffiths's employment is pretext for age discrimination.

74. Lake West terminated Griffiths's employment because of her age.

75. Lake West did not proffer a legitimate non-discriminatory reason for terminating Griffiths's employment.

76. Griffiths suffered and continues to suffer damages as a result of Lake West's conduct.

77. Lake West permitted similarly situated, younger employees to retain their employment despite having been accused of improperly accessing a patient's medical records.

78. As a result of Lake West's conduct, Griffiths suffered and will continue to suffer damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

79. Griffiths restates each and every prior paragraph of this complaint, as if it were fully restated herein.

80. During the last year of her employment with Lake West, Griffiths was 46 years old.

81. At all times relevant, Griffiths was a member of a statutorily protected class under The Age Discrimination Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*

82. Defendants treated Griffiths differently from other similarly situated employees based on her age.

83. As of June 20, 2021, Griffiths was fully qualified for her position and employment with Lake West.

84. Griffiths, at age 46, was a member of a statutorily protected class under The ADEA at the time the Defendants terminated her employment.

85. Defendants terminated Griffiths's employment on or about June 20, 2021.

86. Under information and belief, after terminating Griffiths's employment, the Lake West replaced Griffiths with a person who was significantly younger and/or not belonging to the protected class under the ADEA.

87. Lake West violated The ADEA by discriminating against Griffiths based on her age.

88. Griffiths suffered emotional distress as a result of Lake West's conduct, and is entitled emotional distress damages pursuant to 29 U.S.C. § 621 *et seq.*

89. As a direct and proximate result of the Lake West's conduct, Griffiths suffered and will continue to suffer damages, including economic damages and emotional distress damages.

**COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

90. Griffiths restates each and every prior paragraph of this complaint, as if it were fully restated herein.

91. During the last year of her employment with Lake West, Griffiths was 46 years old.

92. At all times relevant, Griffiths was a member of a statutorily protected class under R.C. § 4112.14(B).

93. Lake West treated Griffiths differently from other similarly situated employees based on her age.

94. As of June 20, 2021, Griffiths was fully qualified for her position and employment with Lake West.

95. Griffiths, at age 46, was a member of a statutorily protected class under R.C. § 4112.14(B) at the time Lake West terminated her employment.

96. Lake West terminated Griffiths's employment on or about June 20, 2021.

97. Under information and belief, after terminating Griffiths's employment, Lake West replaced Griffiths with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

98. Lake West violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Griffiths based on her age.

99. Griffiths suffered emotional distress as a result of Lake West's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

100. As a direct and proximate result of Lake West's conduct, Griffiths suffered and will continue to suffer damages, including economic damages and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Tiffany Griffiths respectfully requests relief against Defendants as set forth below:

(a) Issue an order requiring Lake West to restore Griffiths to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Griffiths for compensatory damages, non-compensatory damages, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Griffiths's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

    /s/ *Shashelia Degraffinried*
    Daniel S. Dubow (0095530)
    Shashelia Degraffinried (101692)
    SPITZ, THE EMPLOYEE'S LAW FIRM
    25825 Science Park Drive, Suite 200
    Beachwood, OH 44122
    Phone: (216) 291-4744
    Fax:   (216) 291-5744
    Email: daniel.dubow@spitzlawfirm.com
           shelia.degraffinried@spitzlawfirm.com

    *Attorneys For Plaintiff Tiffany Griffiths*

## JURY DEMAND

Plaintiff Tiffany Griffiths demands a trial by jury by the maximum number of jurors permitted.

/s/ *Shashelia Degraffinried*
Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
**SPITZ, THE EMPLOYEE'S LAW FIRM**